## WILLIAMS v. GROSS.

### Sac. No. 621; July 19, 1900.

#### 61 Pac. 934.

Quieting Title—Adverse Possession—Appeal.—Where, in a suit to quiet title, plaintiff and his grantor claimed title by adverse possession, and there was an irreconcilable conflict in the evidence as to whether plaintiff's grantor had furnished the money with which the property was bought, the findings of the lower court on such question will not be disturbed on appeal.

**Adverse Possession—Payment of Taxes.—Code of Civil Procedure, section 325, provides that in no case shall title by adverse possession be considered established unless the party claiming such title shall have paid all taxes assessed against the land. Plaintiff and his grantor claimed title to a portion of a mining claim by adverse possession, and alleged payment of taxes by them for a period of thirteen years. Plaintiff's grantor testified that he furnished the money to his niece, and she paid the taxes. The niece and other witnesses denied that she received money from plaintiff's grantor, and stated that she paid the taxes with money belonging to her brother. The tax receipts offered in evidence confirmed the latter witnesses. Held, sufficient to sustain a finding that the taxes had not been paid by plaintiff or his grantor during the years claimed, and hence that they had not acquired title by adverse possession.**

APPEAL from Superior Court, Tuolumne County.

Suit by Owen T. Williams against J. R. Gross to quiet title. From a judgment in favor of defendant, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

F. W. Street and Crittenden Hampton for appellant; F. P. Otis for respondent.

GRAY, C.—In a suit to quiet title the defendant had judgment, and the plaintiff appeals to this court from said judgment and from an order denying him a new trial.

Two separate causes of action are stated in the complaint. The second cause of action as stated is to quiet plaintiff's title to all that portion of the north extension of the Marryatt quartz mining claim which lies north and east of what was formerly the old county road leading from the present county road at Swerer's store, in Tuttletown, over the hill, to the present county road, at a point near the old Patterson millsite. Said property is situated in Tuolumne county. Plaintiff and his grantor claim title to that portion of the north extension of the Marryatt quartz mining claim above described, by adverse possession of thirteen years immediately preceding the commencement of the action, and allege that they have paid the taxes thereon all during that period. The complaint further alleges in the second count that, for more than eight years prior to the commencement of the action, plaintiff and his grantor have been owners, and that plaintiff now is the owner, of the said premises. It is upon this second cause of action that plaintiff relied particularly at the trial of the case,

and upon which he now relies upon this appeal, and to which
all his points and assignments of error in the appeal from the
decision of the lower court are directed. Therefore it will not
be necessary to further notice plaintiff's first cause of action.
The defendant, in his answer, after denying the allegations
of the second count of the complaint as to adverse possession,
payment of taxes and ownership by plaintiff, claims owner-
ship to the property in controversy in himself by virtue of
having located and filed a mining claim in 1884, and having
since that time possessed and worked said claim according to
law, which said mining claim embraces within its limits the
property here in controversy. Defendant also pleaded a
judgment in a former action as a bar to plaintiff's right to
recover in this action.

The findings negative the more material allegations of the
complaint, and coincide with the principal allegations of the
answer. These findings are attacked by appellant, and upon
such attack, alone, hangs the decision herein. It is said, first,
that the evidence is insufficient to justify that portion of find-
ing 14, wherein it is found that one F. E. Gross on the twenty-
ninth day of November, 1879, acquired all the right, title
and interest (consisting of a mere possessory right) which the
estate of Thomas Leach had in the premises in controversy.
Appellant introduced evidence at the trial tending to show
that his predecessor in title, F. J. Gross, had furnished the
money to buy, and had bought, the interest of the Leach
estate in the said premises, but had the deed thereof made to
F. E. Gross, with the distinct understanding that the title
was to be held in trust for the said F. J. Gross. This evidence
was flatly contradicted on behalf of respondent both by testi-
mony as to where the purchase money came from, as well as
by evidence of numerous declarations and admissions on the
part of F. J. Gross, made prior to his conveying the property
to plaintiff, to the effect that F. E. Gross bought the property
with his own money, and that it was the property of said F. E.
Gross. We cannot say, from the record before us, that the
finding does not find support in the evidence. Where there
is a substantial conflict in the evidence, this court does not in-
terfere, as to questions of fact, with the decision of the tribu-
nal before which the witnesses have appeared. The finding
that neither F. J. Gross nor his grantee, the plaintiff, paid
the taxes on said property before the year 1895, is also

attacked as not supported by the evidence. Here, again, the evidence was in irreconcilable conflict. F. J. Gross testified that he furnished the money to his niece, Mary Gross, and with it she paid the taxes. Mary, on the contrary, testified, in addition to other evidence to the same effect, that she received no money from F. J. Gross, but paid the taxes with the money of her brother, F. E. Gross, and produced the tax receipts in confirmation of her statement that the taxes were paid for and on behalf of her said brother. The payment of the taxes by F. E. Gross could not be considered as payment for or on behalf of F. J. Gross, on any theory of a trust relation between them, because, as we have already seen, the findings negative any such trust relation. The finding as to the nonpayment of the taxes, therefore, seems to be supported by the evidence. It is needless to consider whether the other findings challenged are supported by the evidence or not, or whether they are as full and complete as they should be, for the reason that the plaintiff, as we understand his brief, relies solely on title by adverse possession, and, not having paid the taxes, he could not recover on his alleged title by prescription or adverse possession, whatever the findings might be as to the other facts upon which he relies, in part, to uphold his said title: Code Civ. Proc., sec. 325. The payment of the taxes assessed against the land by the party claiming such title is an essential element of title by prescription. It is also immaterial whether the defense of res adjudicata interposed by defendant is good or bad. The plaintiff could not recover, were the finding in his favor on said defense. Nor is it material to determine whether the court erred in receiving in evidence the judgment-roll offered in support thereof. The judgment and order should be affirmed.

We concur: Haynes, C.; Smith, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.